Slip Op. 20-12

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| M S INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES of AMERICA, UNITED STATES DEPARTMENT of COMMERCE, and SECRETARY WILBUR L. ROSS, JR., <br><br> Defendants, <br><br> and <br><br> CAMBRIA COMPANY LLC, <br><br> Defendant-Intervenor. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 19-00132 |

## OPINION and ORDER

[Motions to dismiss for lack of subject matter jurisdiction granted.]

Dated: January 30, 2020

Jonathan T. Stoel, Jared R. Wessel, and Nicholas R. Sparks, Hogan Lovells US LLP, of Washington, D.C., for Plaintiff M S International Inc.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendants United States, U.S. Department of Commerce, and Wilbur L. Ross, Jr., Secretary of Commerce. With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel was Mykhaylo Gryzlov, Senior Counsel, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance, of Washington, D.C.

Roger B. Schagrin, Luke A. Meisner, Elizabeth J. Drake, and Kelsey M. Rule, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Cambria Company LLC.

Gordon, Judge: In this action, M S International, Inc. ("Plaintiff" or "MSI") challenges the U.S. Department of Commerce's ("Commerce") industry support determinations made as part of the initiation of the antidumping ("AD") and countervailing duty ("CVD") investigations ("Investigations") regarding quartz surface products ("QSPs") from India and the Republic of Turkey. See Certain Quartz Surface Products from India and the Republic of Turkey, 84 Fed. Reg. 25,529 (Dep't of Commerce June 3, 2019) (notice of India and Turkey AD investigation initiation) ("AD Notice"); Certain Quartz Products from India and the Republic of Turkey, 84 Fed. Reg. 25,524 (Dep't of Commerce June 3, 2019) (notice of India and Turkey CVD investigation initiation) ("CVD Notice"). MSI asserts that the court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i).

Defendants move pursuant to USCIT Rule 12(b)(1) to dismiss this action for lack of subject matter jurisdiction. Defendant-Intervenor, Cambria Company LLC ("Cambria"), also moves to dismiss this action pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction, and alternatively pursuant to USCIT Rule 12(b)(6) for failure to state a claim. See Defs.' Mot. to Dismiss, ECF No. 22 ("Defs.' Mot."); Def.-Intervenor's Mot. to Dismiss Pl.'s Compl., ECF No. 23 ("Cambria's Mot."); see also Pl.'s Resp. to Defs.' and Def.-Intervenor's Motions to Dismiss, ECF No. 33 ("Pl.'s Resp."); Def.-Intervenor's Reply in Supp. of its Mot. to Dismiss, ECF No. 37 ("Cambria's Reply"); Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 38 ("Defs.' Reply"). Lastly, Cambria moves to dismiss because MSI's claim is not ripe for judicial review. See Cambria's Mot. For the following reasons, the motions to dismiss for lack of subject matter jurisdiction are granted.

## I. Background

In May 2019, Cambria filed AD and CVD petitions with Commerce regarding QSPs from India and Turkey. QSPs are a stone composite building material used for countertop surfaces in residential, commercial, and industrial properties. Pl.'s Resp. at 5. The QSP production process generally entails (1) the creation of a raw QSP slab, followed by (2) a fabrication process that transforms slabs into products suitable for installation. Id. at 5–6. For a petitioner, like Cambria, to initiate an AD or CVD investigation, it must first file a petition with Commerce that meets the requirements of Sections 702(b)(1) and 732(b)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1671a(b)(1) and 1673a(b)(1).[1] These provisions require that the petitions must be filed "on behalf of an industry." As the initial step in an investigation, the petition must show that: (1) the domestic producers who support the petition account for at least 25 percent of the total production of the domestic like product, and (2) the domestic producers who support the petition account for more than 50 percent of the production of the domestic like product produced by that portion of the industry expressing support for or opposition to the petition. 19 U.S.C. §§ 1671a(c)(4)(A), 1673a(c)(4)(A).

MSI, an importer of QSPs from India and Turkey, argued before Commerce that the petitions failed to satisfy the industry support requirement because they did not include QSP fabricators within the domestic industry. Commerce rejected MSI's

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

contentions, determined that the petitions had sufficient industry support, and initiated the Investigations. See AD Notice; CVD Notice.

Plaintiff seeks immediate judicial review of Commerce's industry support determinations. See Complaint, ECF No. 4. Plaintiff argues that by excluding QSP fabricators from Commerce's industry support determinations, Commerce violated 19 U.S.C. §§ 1671a and 1673a. MSI further contends that the Investigations have created a huge burden of time and resources as a result of MSI's participation in the allegedly unlawful Investigations. MSI argues that the court has jurisdiction under 28 U.S.C. § 1581(i) to review its claims and seeks (1) a declaration that the Investigations are unlawful and (2) a remand for Commerce to reconsider its industry support determinations.

## II. Standard of Review

The claimant carries "the burden of demonstrating that jurisdiction exists." Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432, (1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court assumes "all factual allegations to be true and draws all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

### III.  Discussion

Plaintiff does not assert jurisdiction under 28 U.S.C. § 1581(c) where challenges to Commerce decision-making in antidumping and countervailing duty proceedings ordinarily lie. That avenue requires a "final determination," 19 U.S.C. § 1516a(a)(2)(B)(iii), and is available when Commerce publishes its final determination of the investigations in the Federal Register. 19 U.S.C. § 1516a(a)(2). Although Commerce did not agree with Plaintiff's industry support arguments, Plaintiff may submit a case brief commenting on Commerce's industry support determination. 19 C.F.R. § 351.309. If Plaintiff in good faith believes Commerce violated the statute, and that violation has invalidated the whole investigation, Plaintiff can focus its case brief on that one point. Assuming arguendo Plaintiff is correct, and Commerce then fails to correct the error, Plaintiff may challenge Commerce's industry support determinations in this Court under 28 U.S.C. § 1581(c) as a reviewable final determination under 19 U.S.C. § 1516a(a)(2)(B)(iii). This Court has the power to declare Commerce's proceeding unlawful and order Commerce to redo the investigation, if necessary. 28 U.S.C. §§ 1585, 2643(c). The court can also enjoin liquidation of any entries subject to unlawful affirmative antidumping and countervailing determinations that result, and order that any cash deposits paid on those entries be refunded in full. Plaintiff therefore has a full and complete remedy under 28 U.S.C. § 1581(c). Plaintiff, though, is not waiting for Section 1581(c) jurisdiction to attach. It seeks immediate relief under 28 U.S.C. § 1581(i), this Court's oft-litigated residual jurisdiction provision:

Under 28 U.S.C. § 1581(i), the Court has jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—... (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," and "(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section." However, § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable ... by the Court of International Trade under section 516A(a) of the Tariff Act of 1930..." 28 U.S.C. § 1581(i). The legislative history of § 1581(i) demonstrates Congress intended "that any determination specified in section 516A of the Tariff Act of 1930, [as amended,] or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superceded by any such determination, is reviewable exclusively as provided in section 516A." H.R. Rep. No. 96–1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60. Thus, the Court's § 1581(i) jurisdiction is available only if the party asserting jurisdiction can show the Court's § 1581(a)-(h) jurisdiction is unavailable, unless the remedies afforded by those provisions would be manifestly inadequate. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." (citations omitted)).

When jurisdiction under another provision of § 1581 "is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate." Id. at 963 (citations omitted). That judicial review may be delayed by requiring a party to wait for Commerce's final determination in a countervailing duty investigation is not enough to make judicial review under § 1581(c) manifestly inadequate. Gov't of People's Republic of China v. United States, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007). Neither the burden of participating in the

>administrative proceeding nor the business uncertainty caused by such a proceeding is sufficient to constitute manifest inadequacy. See, e.g., id. at 461, 483 F. Supp. 2d at 1282, 1385 (citing FTC v. Standard Oil, 449 U.S. 232, 244, (1980)); Abitibi-Consolidated Inc. v. United States, 30 CIT 714, 717–18, 437 F. Supp. 2d 1352, 1356–57 (2006). Essentially, the type of review sought by a plaintiff asserting the court's § 1581(i) jurisdiction must not already be provided for by 19 U.S.C. § 1516a (2006). Abitibi-Consolidated Inc., 30 CIT at 717-18, 437 F. Supp. 2d at 1356–57.
>
>The Court's § 1581(c) jurisdiction makes final determinations by Commerce reviewable via 19 U.S.C. § 1516a(a)(2). The Court of Appeals for the Federal Circuit has held that § 1516a(a)(2) allows for judicial review of both matters of procedural correctness, as well as the substantive merits of the determination. See Miller & Co., 824 F.2d at 964 ("Under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review." (citations omitted)). That Commerce has conducted the administrative proceeding in a manner that is contrary to law is an allegation made expressly reviewable by 19 U.S.C. § 1516a(b)(1), which directs the court to "hold unlawful any determination, finding, or conclusion found—... (B)(i) in an action brought under paragraph (2) of subsection (a) of this section, to be unsupported by substantial evidence on the record, or otherwise not in accordance with law..."

Borusan Mannesmann Boru Sanayi v. Ticaret A.S., 38 CIT ___, ___, 986 F. Supp. 2d 1381, 1384–85 (2014). To this, the court would add the helpful reminder that Plaintiff's 1581(i) claim is nothing more than an Administrative Procedure Act[2] claim, subject to its requirements, including that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial

---

[2] 5 U.S.C. §§ 701–706.

review." 5 U.S.C. § 704 (emphasis added). This APA provision is necessarily mirrored in the court's residual jurisdiction case law, which as noted above prescribes that Section 1581(i) supplies jurisdiction only if a remedy under another section of 1581 is unavailable or manifestly inadequate. Section 704 of the APA also provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704 (emphasis added).

The legislative history to 1581(i), the case law, and the Administrative Procedure Act all discourage piecemeal review of Commerce Department international trade proceedings. They are problematic for any plaintiff who is challenging preliminary administrative actions regarding industry support that will be incorporated in or superseded by the final determination. Since challenges to industry support determinations are routinely reviewed under 19 U.S.C. § 1516a as part of a final AD or CVD determination, the court has jurisdiction to review Plaintiff's claims under § 1581(c) after Commerce issues its final determinations for the Investigations, as Plaintiff well knows. See, e.g., M S Int'l Inc. v. United States, Court Nos. 19-00140 & -00141 (Plaintiff's actions brought under § 1581(c) challenging Commerce's industry support findings in the AD and CVD Investigations of Certain QSPs from the People's Republic of China); see also H.R. Rep. No. 98-725, at 47 (1984), reprinted in 1984 U.S.C.C.A.N. 5127 (In amending 19 U.S.C. § 1516a, Congress eliminated interlocutory judicial review, in most instances, so as to avoid costly and time consuming legal action where the issue can be resolved just as equitably at the conclusion of the administrative proceedings.).

Plaintiff's arguments that it is suffering a substantial financial burden and business harm by having to participate and await final determinations in these Investigations, see Pl.'s Resp. at 7–8, are to no avail. Participating in an administrative proceeding, incurring the attendant litigation expense, and enduring the collateral consequences of such participation, business or otherwise, does not, and cannot, constitute irreparable harm. See FTC v. Standard Oil, 449 U.S. 232, 244 (1980). Otherwise, every issue in every trade case would be eligible for piecemeal review and Section 1581(i) would completely swallow Section 1581(c).

There is no merit in Plaintiff's jurisdictional arguments or Section 1581(i) claim. If Commerce reaches affirmative final determinations in the Investigations, Plaintiff may then seek relief by bringing its claims under Section 1581(c) as it has done in other matters. See, e.g., M S Int'l. Inc. v. United States, Court Nos. 19-00140 & -00141.

### IV.  Conclusion

For the foregoing reasons, the court grants Defendants' and Cambria's USCIT Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction.

        /s/ Leo M. Gordon
       Judge Leo M. Gordon

Dated: January 30, 2020
     New York, New York